USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIGIDO MERINO LEON et al.,

                        Plaintiffs,

                        v.

UNIV 45 FRUIT & VEGETABLE CORP.
*doing business as* EPICUREAN MARKET et al.,

                        Defendants.

No. 19-CV-8266 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Brigido Merino Leon, Maximo Martinez Ramirez, and Ricardo Ramirez Hernandez bring this action, individually and on behalf of other similarly situated, against their former employers, Univ 45 Fruit & Vegetable Corp. d/b/a Epicurean Market, 45 University Place Corp. d/b/a Epicurean Market, James Cho, and Sook J. Min for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and supporting regulations. *See* Dkt. 1. Before the Court is the parties' application for approval of a settlement agreement (the "Settlement Agreement"). *See* Dkt. 25-1. The Court, having reviewed the parties' proposed Settlement Agreement and fairness letter, finds that the settlement is fair and reasonable.

    **A. Settlement Amount**

    To determine whether a proposed settlement is fair and reasonable, courts consider the "totality of circumstances." *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015). Relevant factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted). Because the Court is "not in as good a position as the parties to determine the reasonableness of an FLSA settlement," there is a "strong presumption in favor of finding a settlement fair." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation omitted).

Under the proposed Settlement Agreement, Defendants agree to pay Plaintiffs a total of $42,000, which includes $14,361.32 in attorneys' fees and costs. *See* Fairness Letter, Dkt. 25, at 3; Settlement Agreement ¶ 1. After attorneys' fees and costs are subtracted, Plaintiffs will receive a total of $27,638.68. Plaintiffs allege that they are entitled to a total of approximately $127,168.62 in back wages. Fairness Letter at 2-3; *see also* Fairness Letter Ex. B at 1. Plaintiffs estimate further that, were they to recover in full for their claims, they would be entitled to approximately $368,032.05 in "actual damages, penalties, and interest," exclusive of attorneys' fees and costs. *See* Fairness Letter at 2-3; Fairness Letter Ex. B at 3.[1] This means that the proposed amount that Plaintiffs would receive under the Settlement Agreement represents approximately 22% of Plaintiffs' total back wages calculation, and approximately 7.5% of

---

[1] The numbers set forth in "Plaintiffs' damages chart," attached to the Fairness Letter as Exhibit B, *see* Dkt. 25-2, differ slightly from the numbers set forth in the Fairness Letter. Specifically, in the Fairness Letter, Plaintiffs estimate that, were they to recover in full for their claims, they would each recover the following amounts: $113,201.57 (Plaintiff Merino Leon); $157,084.31 (Plaintiff Martinez Ramirez); and $99,703.09 (Plaintiff Ramirez Hernandez). *See* Fairness Letter at 2-3. In the damages chart, however, Plaintiffs assert the following total amounts of potential recovery for each plaintiff: $112,603.43 (Plaintiff Merino Leon); $156,234.19 (Plaintiff Martinez Ramirez); and $99,194.43 (Plaintiff Ramirez Hernandez). *See* Fairness Letter Ex. B at 3. The Court will use the figures listed in Exhibit B, including the total amount of $368,032.05, in its analysis. *See id.*

Plaintiffs' total damages calculation.

The Court is mindful that the settlement amount of $42,000 provides Plaintiffs with only a small portion of their estimated recovery if successful at trial. But "the range of possible recovery is only one factor relevant to settlement approval," *Penafiel*, 2015 WL 7736551, at *2, and here, the other factors weigh in favor of finding the settlement amount fair and reasonable. As an initial matter, Plaintiffs have "expressed interest in resolving the litigation at mediation," Fairness Letter at 3, and the proposed Settlement Agreement is the product of "extensive settlement discussions before a Court appointed mediator," *id.* at 1. Additionally, Plaintiffs' counsel reports that there are "sharply contested factual and legal disputes that [go] to the heart of Plaintiffs' claims," including that Defendants are "adamant that Plaintiffs worked fewer hours than claimed and that Plaintiffs were paid more than they alleged." *Id.* at 3. According to Plaintiffs' counsel, Defendants also "produced records supporting their position and indicated they were willing to provide witnesses to this effect." *Id.*

As such, Plaintiffs face significant litigation risks—in proving their claims and obtaining awards close to their estimated full recovery—at trial. *See Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *1 (S.D.N.Y. May 8, 2017) (approving an agreement where "Plaintiff faces a large and uncertain range of possible recovery"); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (noting that an award is significant particularly "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement"). At a minimum, these "factual and legal disputes" could require time-consuming and costly discovery, something the parties may legitimately seek to avoid. *See* Fairness Letter at 3. For these reasons, and based on the totality of the circumstances, the Court accepts the parties' settlement amount as fair and reasonable. *See also, e.g., Gomez v. Bogopa Madison*

*LLC*, No. 17-CV-5006 (RA), 2017 WL 6594226, at *2 (S.D.N.Y. Dec. 21, 2017) (approving a proposed settlement amount that "would likely be a very small percentage of Plaintiff's potential recovery at trial"); *Penafiel*, 2015 WL 7736551, at *2 (approving a proposed settlement amount of $21,000, which was "a tiny fraction of [plaintiffs'] potential recovery at trial," estimated as $522,389.30).

### B. Attorneys' Fees

The Court also approves the attorneys' fees set forth in the Fairness Letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229-30 (S.D.N.Y. Dec. 8, 2016). Here, the attorneys' fees amount is approximately 33% of the $42,000 settlement amount after costs. *See* Fairness Letter at 3; Fairness Letter Ex. C, Dkt. 25-3, at 2. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee award is therefore reasonable.

### C. Release Provision

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at

4

*2 (S.D.N.Y. Dec. 15, 2015)). The release provision at issue here is more limited than those routinely rejected. Pursuant to the proposed Settlement Agreement, Plaintiffs are only releasing Defendants from claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." *See* Settlement Agreement ¶ 2. Thus, the Court finds that the release in the proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 20, 2020
New York, New York

Ronnie Abrams
United States District Judge